UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JAMAL LADELL WILKENS,
Plaintiff,
v.
DR. GILL *et al.*,
Defendants.

Case No.: 16-CV-1053-AJB(WVG)

**REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTIONS TO DISMISS**

**[Doc. Nos. 29 & 31]**

Plaintiff Jamal Ladell Wilkens ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. Defendants Dr. Gill and Deputy Parrot ("Defendants") each filed a Motion to Dismiss the Second Amended Complaint for Failure to State a Claim pursuant to Rule 12(b)(6). Despite the liberal pleading standards afforded to a *pro se* litigant, the Court RECOMMENDS that Defendants' motions be GRANTED and that Plaintiff be granted leave to amend.

## I. PROCEDURAL OVERVIEW

Plaintiff filed his original Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on April 29, 2016. (Doc. No. 1.) Defendants Gill and Parrot each filed a Motion to Dismiss

for Failure to State a Claim on August 12, 2016 (Doc. Nos. 13, 14), and the Court granted those motions with leave to amend on October 11, 2016 (Doc. No. 20). On November 2, 2016, Plaintiff filed a First Amended Complaint. (Doc. No. 21.) Defendants moved to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) (Doc. Nos. 22, 23), and the Court granted those motions with leave to amend on December 13, 2016 (Doc. No. 24). Plaintiff then filed a Second Amended Complaint on January 3, 2017. (Doc. No. 25.) For the third time, Defendants filed a Motion to Dismiss for Failure to State a Claim on January 13, 2017. (Doc. Nos. 29, 31.) Plaintiff filed a Response in Opposition to Defendants' Motions to Dismiss (Doc. No. 36), and Defendants each replied (Doc. Nos. 37, 38).

## II. FACTUAL ALLEGATIONS

Plaintiff's Second Amended Complaint alleges violations of his right to medical care and freedom from cruel and unusual punishment, which this Court will construe as alleging violations of Plaintiff's Eighth Amendment rights. (Doc. No. 25 at 3.) For unknown reasons, the Second Amended Complaint does not contain any factual allegations. However, because the facts are germane to the discussion below, the factual background that follows is gleaned in part from the First Amended Complaint and Plaintiff's Opposition to Defendants' Motions to Dismiss.

Plaintiff contends that Dr. Gill violated his rights by acting with deliberate indifference to his "serious medical needs." (Second Amended Complaint, Doc. No. 25 at 3.) Plaintiff similarly alleges that Deputy Parrot "purposefully failed to act so as to delay, deny, and interfere with the receipt of care for my serious medical needs." (*Id.* at 4.) He also claims that RN #4970 violated his rights by "purposefully denying, and delaying [t]o have me seen by [t]he [d]octor when [my] medical condition ha[d] gotten worse," despite knowledge of Plaintiff's "serious medical condition." (*Id.* at 5.)

Plaintiff is currently incarcerated at Mule Creek State Prison in Ione, California. However, all events related to this case transpired around December 2015 at George Bailey Detention Facility in San Diego, California, where he was housed as a pre-trial detainee. (First Amended Complaint, Doc. No. 21 at 3.) While Plaintiff was at George Bailey, Dr. Gill saw him for a blood draw and STD test. (*Id.*) Dr. Gill did not ask Plaintiff "necessary questions" or take down Plaintiff's medical history. (*Id.* at 11.) Based on the results of the test, Dr. Gill apparently decided to "experiment" on Plaintiff, labeling him as a diabetic suffering from hypertension and, accordingly, prescribed him blood pressure and diabetes medications. (*Id.* at 3.) Plaintiff suffered an allergic reaction to the medications, which resulted in his inability to walk "due to the severe pain, swelling, and numbness in his feet, toes, and legs." (*Id.*) He elaborated:

> The pain and swelling was so severe I couldn't sleep. I couldn't walk. I couldn't exercise. I couldn't even defend myself from an inmate assault if I had to. Deputy Parrot had to bring me my meals . . . I had to be wheelchaired [sic] because I could not walk or stand without falling to the ground in agonizing pain because the swelling was making my feet like balloons. Any task or daily activity imaginable was impossible for me to do. I was bedridden.

(*Id.* at 4.) After Dr. Gill was apprised of Plaintiff's adverse reaction to the medicine, he apparently refused to treat Plaintiff's "severe pain." (*Id.* at 3.) It is unclear whether Plaintiff saw Dr. Gill again in person after he suffered the adverse reaction. Once Plaintiff arrived at the California Institution for Men in Chino, California, the doctors there determined that he was not diabetic or suffering from hypertension. (*Id.* at 4.) Apparently, however, "Plaintiff is forced to take blood pressure medications that he doesn't need due to the fact that if he stops the medication after [he] had been taking [them] for so long, [he] could have a stroke." (*Id.*) The doctor at the Chino facility has not discontinued Plaintiff's blood pressure medication. (*Id.*)

While still at George Bailey, Plaintiff repeatedly asked Deputy Parrot to take him to the medical ward to see a doctor about his reaction to the medications. (*Id.* at 5.) Because Plaintiff was bed-ridden and Deputy Parrot had to bring Plaintiff his food, Deputy Parrot was aware that Plaintiff was in pain and saw that Plaintiff's legs and feet were swollen. (*Id.*) Plaintiff indicates that he "told Parrot directly every medical issue that he was having and of the pain he was in" but that Deputy Parrot gave him the "run around" every time. (*Id.*) Plaintiff claims that he pleaded with Deputy Parrot to take him to the medical ward to no avail. (*Id.*)

Additionally, at some point, Plaintiff had contact with RN #4970. (*Id.* at 6.) Plaintiff does not clarify when, where, or how often he saw RN #4970. In their interactions, Plaintiff described his symptoms and pain, but RN #4970 told him that "there [were too] many inmates that needed to see a doctor" and that, consequently, Plaintiff could not be seen. (*Id.*) Plaintiff maintains that RN #4970 misrepresented the inmate traffic in the medical ward. (*Id.*)

Because nobody treated Plaintiff's symptoms, Plaintiff was in pain for approximately three weeks. (*Id.* at 3.)

## III. LEGAL STANDARD

### A. Rule 12(b)(6) Motion To Dismiss

A defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Id.* Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must accept as true all material

allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) ("A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Lazy v. Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" (citing *Twombly*, 550 U.S. at 570)).

**B. Standards Applicable to *Pro Se* Litigants in Civil Rights Actions**

Where, as here, a plaintiff appears *in propria persona* in a civil rights suit, the Court also must be careful to construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Karim-Panahi*, 839 F.2d 621, 623 (9th Cir. 1988); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In construing a *pro se* civil rights complaint liberally, however, a court may not "supply essential elements of the claim that were not initially pleaded." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977) ("Conclusionary allegations, unsupported by facts, [will be] rejected as

insufficient to state a claim under the Civil Rights Act.") Thus, at a minimum, even the *pro se* plaintiff "must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support [his] claim." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quoting *Powell v. Workmen's Comp. Bd.*, 327 F.2d 131, 137 (2d Cir. 1964)).

## IV. DISCUSSION

### A. Because the Second Amended Complaint Does Not Contain *Any* Facts, it Must Be Dismissed.

Section 1983 of the Civil Rights Act "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Rather, § 1983 imposes two essential proof requirements upon a plaintiff: (1) that a person acting under color of state law committed the conduct at issue; and (2) that the conduct deprived the claimant of some right protected by the Constitution of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniel v. Williams*, 474 U.S. 327, 330-31 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Here, there appears to be no dispute that Deputy Parrot acted under the color of state law in his official capacity as a correctional staff member at the George Bailey Detention Facility. Neither Dr. Gill nor RN #4970 have objected to being classified as individuals acting under the color of state law at the time these events occurred. Consequently, Plaintiff's federal claims are contingent upon the second inquiry—namely, whether Defendants deprived him "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

Here, Plaintiff has failed to allege *any* facts in his Second Amended Complaint that can state a claim for relief under section 1983. Because the Second Amended Complaint is comprised solely of legal conclusions, it is insufficient on its face and cannot withstand

a motion to dismiss under Rule 12(b)(6). *Ivey*, 673 F.2d at 268. Plaintiff should not have removed all facts from his prior complaints, but instead should have *added* facts to cure the deficiencies the Court's prior Orders identified. Consequently, this Court recommends granting Defendants' motions to dismiss.

**B. Plaintiff Should Be Granted Leave To Amend.**

The Federal Rules of Civil Procedure demand a "liberal policy as to amendments when 'justice so requires.'" *Sidebotham v. Robinson*, 216 F.2d 816, 823 (9th Cir. 1954) (citing Fed. R. Civ. P. 15(a)). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi*, 839 F.2d at 623 (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (superseded by statute)). Dismissal without leave to amend pursuant to Rule 12(b)(6) is proper "only in 'extraordinary' cases." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981)). Nevertheless, the Court should deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Mayes v. Leipziger*, 729 F.2d 605, 608 (9th Cir. 1984) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendments are considered futile when they are "'either duplicative of existing claims or patently frivolous.'" *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)). Notably, the Court's discretion "to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996)); *Marshall v. Aryan Unlimited Staffing Solution/Faneuil Inc./MacAndrews Holding*, 599 Fed. Appx. 896, 899 (11th Cir. 2015) (holding that denial of *pro se*

litigant's motion for leave to file seventh amended complaint was not abuse of discretion because proposed amendment could not cure deficiencies in sixth amended complaint). Additionally, if a complaint is dismissed for failure to state a claim, the order should apprise the plaintiff of the complaint's deficiencies, otherwise the *pro se* litigant likely will repeat the errors. *Karim-Panahi*, 839 F.2d at 624; *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

Here, it is apparent Plaintiff misunderstood the Court's previous Order because he deleted all of the facts from his Second Amended Complaint. Had Plaintiff included all of the facts set forth in his First Amended Complaint, Opposition, and his legal arguments together in one coherent complaint, then he likely would have withstood dismissal. Dr. Gill argues that "even a claim for medical negligence . . . does not constitute deliberate indifference" under current precedent. (Doc. No. 29 at 5.) Although this is true, Plaintiff should be granted one more opportunity to correct the deficiencies in his previous complaints while taking into account the Court's guidance herein.

Deputy Parrot contends Plaintiff fails to allege facts demonstrating that he "knew of and disregarded an excessive risk to plaintiff's health and safety, or denied, delayed, or interfered with plaintiff's receipt of medical care." (Doc. No. 31 at 4.) To bolster this claim, Deputy Parrot argues that if Plaintiff already was being treated by Dr. Gill for diabetes, then it is unclear how Deputy Parrot's actions could amount to deliberate indifference when Plaintiff already was receiving treatment. (Doc. No. 38 at 3-4.) Nonetheless, Plaintiff alleges in his opposition papers that he suffered some type of adverse reaction to the medication that Dr. Gill prescribed for diabetes and hypertension, causing his legs and feet to swell painfully. He further contends that Deputy Parrot refused to take him to see a physician for three weeks despite first-hand knowledge of the development of a new medical symptom that also required treatment. Had Plaintiff included these factual allegations against Defendant Parrot in the Second Amended

Complaint, Plaintiff perhaps might have stated a claim for deliberate indifference if these facts are actually what happened and could have been alleged in good faith. Thus, allowing Plaintiff the opportunity for further amendment would not be futile.

Finally, RN #4970 has not yet filed an appearance in this suit. Again, Plaintiff's timeline with respect to RN #4970 is unclear and vague. It is unclear when, where, or how often Plaintiff interacted with RN #4970 and whether RN #4970 actually observed his swollen extremities. Plaintiff's prior complaints completely lacked these necessary detailed factual allegations against RN #4970. If permitted to clarify these details by allegations in a further amended complaint, Plaintiff might perhaps be able to state a claim for deliberate indifference against RN #4970. Because it appears that Plaintiff may have been confused when he drafted the Second Amended Complaint, he should be granted another opportunity to add additional facts and details about RN #4970.

Given this Court's finding that it is not "absolutely clear" that the deficiencies in Plaintiff's Second Amended Complaint could not be cured by amendment and that no defendant has alleged any undue prejudice if leave to amend is granted, this Court recommends dismissal *with* leave to amend.

## V. CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motions to Dismiss be GRANTED with leave to amend. This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(1988) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that no later than **April 28, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **May 26, 2017**. The parties are advised that

failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: April 14, 2017

Hon. William V. Gallo
United States Magistrate Judge