UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL LADELL WILKENS,<br><br>                        Plaintiff,<br><br>v.<br><br>DR. GILL, et al.,<br><br>                      Defendant. | Case No.: 16-CV-1053-AJB (WVG)<br><br>**REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTIONS TO DISMISS**<br>**[ECF NOS. 49, 51]** |

Presently before the Court is Defendants Dr. John C. Gill and Deputy Parrot's motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 49 and 51, respectively.) For the reasons that follow, the Court **RECOMMENDS** Defendants' motions be **GRANTED** and Defendants be **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on April 29, 2016. (ECF No. 1.) Defendants Gill and Parrot each filed motions to dismiss the complaint on August 12, 2016 (ECF Nos. 13, 14), and the Court granted those motions with leave to amend on October 11, 2016 (ECF No. 20). On November 2, 2016, Plaintiff filed a First Amended Complaint. (ECF No. 21.) Defendants moved to dismiss the FAC (ECF Nos. 22, 23), and the Court granted those motions with leave to amend on December 13, 2016 (ECF

No. 24). Plaintiff then filed a Second Amended Complaint on January 3, 2017. (ECF No. 25.) Defendants again filed a motion to dismiss, (ECF Nos. 29, 31), which the Court granted on May 4, 2017 (ECF No. 42.) On September 11, 2017, Plaintiff filed a Third Amended Complaint. (ECF No. 48.) Once again, Defendants have filed motions to dismiss the TAC. (ECF Nos. 49, 51.)

## II. LEGAL STANDARD

Rule 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8 "does not require 'detailed factual allegations,' … it [does] demand [] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557).

Further, the court need not accept as true "legal conclusions" contained in the complaint. *Id*. This review requires context-specific analysis involving the court's "judicial experience and common sense." *Id*. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id*. The court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleadings … [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation omitted).

Where, as here, a plaintiff appears *pro se* in a civil rights suit, the court also must be careful to construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Garmon v. City of L.A.*, 828 F.3d 837, 846 (9th Cir. 2016). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In construing a *pro se* civil rights complaint liberally, however, a court may not "supply essential elements of the claim that were not initially pleaded." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id*. Thus, at a minimum, even a *pro se* plaintiff "must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation and citation omitted).

### III. DISCUSSION

**A. Section 1983 Claims**

Section 1983 of the Civil Rights Act "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Rather, § 1983 imposes two essential proof requirements upon a plaintiff: (1) that a person acting under color of state law committed the conduct at issue; and (2) that the conduct deprived the claimant of some right protected by the Constitution of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),

*overruled on other grounds by Daniel. v. Williams*, 474 U.S. 327, 330-31 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

There appears to be no dispute that Deputy Parrot and Dr. Gill acted under the color of state law. Thus, Plaintiff's federal claims are contingent upon the second inquiry - namely, whether Defendants deprived him of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

Similar to his second amended complaint, Plaintiff has failed to allege any facts that state a claim for relief pursuant to § 1983. Rather, Plaintiff has again made a series of legal conclusions, rendering the Third Amended Complaint insufficient on its face. Consequently, the Third Amended Complaint cannot withstand a motion to dismiss pursuant to Rule 12(b)(6). *Ivey*, 673. F.2d at 268. Accordingly, the Court **RECOMMENDS** Defendants' motions to dismiss be **GRANTED**.

**B. Leave To Amend**

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although prejudice to the opposing party "carries the greatest weight[,] … a strong showing of any of the remaining *Foman* factors" can justify denial of leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curium). Analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations

- none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); *see also*: *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court afforded the plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), *amended by* 234 F.3d 428, *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007); *Plumeau v. Sch. Dist. # 40 Cnty. Of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Including the initial complaint, Plaintiff has now had *four* opportunities to state a claim for which relief could be granted. On October 11, 2016, the Honorable Marilyn L. Huff dismissed Plaintiff's complaint against Parrot and Gill because "more facts [were] required regarding Plaintiff's injuries" to demonstrate there was a serious medical need. (ECF No. 20 at 5:18) Judge Huff went on to advise Plaintiff that he "should provide more facts regarding the nature, frequency, and duration of his pain and swelling." (*Id*. at 5:22 - 24.) In regards to deliberate indifference, Judge Huff explained that "Plaintiff has not provided enough facts to establish what [Defendants] knew" and further explained that Plaintiff needed to allege how he was harmed. (*Id*. at 6:13 - 15.) Judge Huff advised Plaintiff to "address the problems described" in the order. (*Id*. at 7:7 - 8.)

When dismissing Plaintiff's first amended complaint, Judge Huff again explained to Plaintiff that his allegations against each defendant were deficient and allowed Plaintiff to file a second amended complaint that "addresses the problems described" in the order. (ECF No. 24 at 6:15 - 20.)

When recommending dismissal of Plaintiff's second amended complaint, this Court noted that Plaintiff had "failed to allege *any* facts[.]" (ECF No. 41 at 6:24 - 25) (emphasis in original). The Court went on further to explain that Plaintiff should have "added facts to cure the deficiencies" highlighted in his previous complaints. (*Id*. at 7:1 - 3.) The Court recommended that Plaintiff "should be granted *one more* opportunity to correct the deficiencies in his previous complaints while taking into account the Court's guidance

herein." (*Id*. at 8:7 - 14) (emphasis added).

Plaintiff has failed to address the errors pointed out in his previous three complaints. Plaintiff's repeated failure to cure deficiencies is a strong indication to the Court that Plaintiff has no additional facts to plead. Given this, the Court finds that any further attempts to amend would be futile. Accordingly, the Court **RECOMMENDS** that Plaintiffs Third Amended Complaint be **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that defendants' motion to dismiss be **GRANTED** and defendants Parrot and Gill be **DISMISSED WITH PREJUDICE**. This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that no later than **February 21, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. This document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 21, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: January 18, 2018

Hon. William V. Gallo
United States Magistrate Judge